USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/24/2024

# SCHWARTZ & PONTERIO, PLLC

ATTORNEYS AT LAW
134 West 29th Street – Suite 1001
New York, New York 10001-5304
Tel. No.: (212) 714-1200
Fax No.: (212) 714-1264
E-Mail: mschwartz@splaw.us

October 23, 2024

**BY ECF FILING**

Hon. Mary Kay Vyskocil
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re: Marino v. Siegel & Reiner LLP
    Case No. 24-cv-03041-MKV

Dear Judge Vyskocil,

  We represent plaintff J. Richard Marino in the above lawsuit. We have consulted with defense counsel and the parties join in submitting this letter in compliance with the Court's July 25, 2024 Order (ECF # 24) to present the parties' joint statement of the case and proposed case management plan.

## Brief Statement of the Case

  This is an action for legal malpractice. In 2007, plaintiff participated in making a $1 million mortgage loan to Oki-Do, Ltd. Plaintiff's participation in the loan was $50,000, or 5% of the total loan amount. As such, plaintiff was entitled to 5% of all interest, principal payments, or other financial recovery on the loan. Oki-Do made no payments on the loan and the loan went into foreclosure in 2009. In May 2012, the defendant attorneys were substituted in as counsel for the lending party plaintiffs.

  In June 2012, the defendant attorneys allegedly filed an Amended Complaint in the foreclosure action alleging that plaintiff had assigned his interest in the Oki-Do loan and mortgage in 2009 to a third party. Plaintiff contends that they did so without consulting with him and that that the assignment is fraudulent. Plaintiff alleges that he never received any consideration for his rights in the Oki-Do loan and mortgage. Plaintiff alleges that the defendant attorneys knew (or should have known) that the purported 2009 assignment was fraudulent. Plaintiff alleges that the assignment contains the indicia of fraud, given that it was allegedly executed nearly three years earlier in October 2009 and that all signatures on the assignment were notarized on the same day by Jonathan Steinberg, who was a longtime client and business co-venturer with defendant Reiner and who himself had a financial stake in the case through his ownership of an interest in one of the lending parties. Plaintiff further alleges that Steinberg and the defendants concealed the fraudulent assignment from plaintiff who believed he was party to

SCHWARTZ & PONTERIO, PLLC

Hon. Mary Kay Vyskocil
October 23, 2024
Page 2

the pending foreclosure action. Alternatively, defendants contend that the assignment was validly executed and that plaintiff received consideration for his assignment, extinguishing his right to further recovery on the loan.

The foreclosure action went to trial in 2017 and the lenders prevailed. The court entered judgment against Oki Do for over $2.9 million. By the time the appeal was denied, the amount due on the judgment was just over $4 million, which Oki Do paid in full in or around June 2022. Plaintiff alleges that he should have received just over $200,000. Instead, plaintiff alleges that defendants wrongfully diverted a significant percentage of the foreclosure recovery to parties who had no rights. The defendant attorneys allegedly paid plaintiff only $48,000 from the recovery. The shortfall on plaintiff's payout was $153,238. With interest and the disgorgement of legal fees from the foreclosure case, plaintiff claims damages exceeding $200,000.

**Basis for Jurisdiction**

The basis for jurisdiction is diversity pursuant to 28 U.S.C. § 1332(a)(1) because plaintiff is a citizen of Florida and defendants are citizens of New York State and the amount in controversy exceeds $75,000. Defendants do not intend to challenge this Court's jurisdiction sounding in diversity.

**Procedural Posture and Status of Discovery**

There have not been any motions in this case and no motions are anticipated until the summary judgment phase.

The case is in discovery. Plaintiff has made his initial Rule 26 disclosures and has produced 1,275 relevant documents. Plaintiff also served discovery requests, the responses to which were due October 9th. Defendants have not yet responded. Plaintiff has noticed the depositions of all defendants and the parties have agreed to schedule these for on or before November 29, 2024. Plaintiff has subpoenaed non-party Jonathan Steinberg and his deposition is scheduled for November 8, 2024. Defendants have made their initial disclosures but have not produced any documents or served any discovery requests.

The parties look forward to meeting with you next week. Thank you.

Very truly yours,

*Matthew Schw*

Matthew F. Schwartz

MS:ms
Enclosure

cc:   Jared Mogil, Esq. (By ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J. RICHARD MARINO,

                          Plaintiff,

-against-

SIEGEL & REINER, LLP, GLENN A. REINER,
and RICHARD H. DEL VALLE,

                          Defendants.

1: **24**-cv-**03041** (MKV)

CIVIL CASE MANAGEMENT
PLAN AND SCHEDULING
ORDER

Mary Kay Vyskocil, United States District Judge

This proposed Civil Case Management Plan is submitted by the parties in accordance with Federal Rule of Civil Procedure 23 (f) (3):

1. All parties **\* do not consent \*** to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [*Circle one.*]
   The parties are free to withhold consent without adverse substantive consequences. The Parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).
   [*If all parties consent, the remaining paragraphs need not be completed. The Party shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf, at the time of submitting this Proposed Case Management Plan.*]

2. This case **\* is \*** to be tried to a jury. [*Circle one.*]

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within **30** days from the date of this Order. [*Absent exceptional circumstances, thirty (30) days from the Initial Pretrial Conference or filing of the Proposed Case Management Plan.*]

**DISCOVERY**

4. Initial disclosures pursuant to Rule 26(a)(1) shall be promptly exchanged prior to the Initial Pretrial Conference. Fed. R. Civ. P. 26(a)(1).
    a. Initial disclosures were made on **9/19/24 by plaintiff and 10/16/24 by defendants**.

5. All <u>fact</u> discovery shall be completed no later than **January 24, 2025**. [*A period not to exceed 120 days (use an exact date), unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

6. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than **N/A**.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

    a. Initial requests for production of document to be served by **11/15/24**.
    b. Interrogatories to be served by **11/15/24**.
    c. Depositions to be completed by **1/10/25**.
        i. For person injury, civil rights, employment discrimination, or medical malpractice case only: Plaintiff's deposition shall be taken first, and shall be completed by **N/A**.
    d. Requests to Admit to be served no later than **1/24/25**.

8. <u>Expert Discovery</u>
    a. All expert discovery shall be completed no later than **2/28/25**.
    [*Absent exceptional circumstances, a date (use an exact date) sixty (60) days from the date in paragraph 5, <u>i.e.</u> the completion of fact discovery.*]

    b. No later than thirty (30) days prior to the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 8(a).

9. In the case of discovery disputes, the parties should follow Local Rule 37.2 and the Court's Individual Rules of Practice in Civil Cases ("Individual Practice Rules"), which are available at https://nysd.uscourts.gov/hon-mary-kay-vyskocil. Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person or by telephone, in an effort to resolve the dispute.

10. In the event the Parties are unable to resolve the dispute through the meet and confer process, the Parties may file a joint letter on ECF, no longer than four pages, explaining the nature of the dispute and setting forth the position of each party with respect to the disputed issue, and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. Discovery disputes must be raised with the Court in sufficient time to obtain a ruling and any further discovery that is ordered in advance of the discovery cutoff.

11. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Practice Rules.

12. All counsel must meet face-to-face for at least one hour to discuss settlement and the use of alternate dispute resolution within fourteen (14) days after the filing of a responsive pleading.

13. The parties **\* have \*** discussed settlement and the use of alternate dispute resolution. Please advise the Court of the outcome of your discussion. **The parties have engaged, and will continue to engage, in meaningful settlement discussions, which are on-going.**

    a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following [*specify whether such exchanges have occurred, will occur now, or will occur following fact discovery*]: **Plaintiff requests that defendants produce any documents showing that plaintiff agreed to assign his fights in the subject mortgage loan or received consideration for such an assignment.**

    **The parties are directed to file a joint status letter on or before December 23, 2024 advising the Court on the status, not substance, of any settlement negotiations.**

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: **Plaintiff proposes a settlement conference before a Magistrate Judge. Defendants respectfully elect to continue settlement discussions between counsel.**

    c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): **Plaintiff proposes a settlement conference be scheduled as soon as practicable. Defendants intend to participate in good-faith should the Court order a settlement conference. However, Defendants believe that the parties' continued negotiations are sufficient at this time.**

    *(NOTE) The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.* Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

3

14. Counsel for the parties have conferred and their present best estimate of the length of trial is: ~~4 days~~ **2-3 days**.

15. [*Parties may include other provisions. See Rule 26(f)(3)*.]

   **1. Plaintiff requests that depositions be taken remotely. Plaintiff is 82 years old and resides in Florida. Traveling to New York would be a hardship for him. Defendants agree.**
   **2. Plaintiff proposes that the parties agree to serve and receive discovery requests and responses electronically at the same email addresses used for ECF filing purposes. Defendants agree.**

---

*TO BE COMPLETED BY COURT:*

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

16. A ~~Post-Discovery~~ **Status** Conference is scheduled for **January 22, 2025** at **11:00 AM** in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007.

   One week before the conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

   a. a statement of any existing deadlines, due dates, and/or cut-off dates;
   b. a brief description of any outstanding motions;
   c. a brief description of the discovery and undertaken if either party believes any additional discovery that needs to be completed;
   d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;
   e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;
   f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony (*see* Individual Practice Rules ¶4(A)(i));
   g. any other issue that the parties would like to address at the conference; and
   h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

4

If no SJ motion is anticipated, the post-discovery conference will serve as a pre-trial conference. Parties should be prepared to discuss scheduling of trial and all pre-trial matters.

**This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 2(G) of the Court's Individual Practice Rules and shall be made no less than three (3) days prior to the expiration of the date sought to be extended. Failure to comply with the deadlines set forth herein may result in sanctions, including preclusion at trial of information not provided or dismissal of claims or defenses.**

**The Conference scheduled for October 30, 2024 is ADJOURNED *sin die*.**

_____
Mary Kay Vyskocil
United States District Judge

Dated: 10/24/2024
New York, New York

5